IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNATHON MORTON,                                                                                    PLAINTIFF
ADC #167072

v.                                    5:19-cv-00319-BSM-JJV

MARK GOBER, Sheriff; and
SUSAN POTTS, Jail Administrator,
Drew County Jail                                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

Johnathon Morton ("Plaintiff") has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Sheriff Mark Gober and Jail Administrator Susan Potts violated his constitutional rights at the Drew County Detention Facility ("DCDF"). (Doc. No. 2.)

### II.   SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of

whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S COMPLAINT

Plaintiff alleges he was held in the visitation room at the DCDF, on September 26 and 27, 2019, after he was attacked by prisoners in B-pod. (Doc. No. 2.) While housed there, Plaintiff claims he did not have running water, a bathroom, or a bed. (*Id.*) He also says that, while he was sleeping on the floor, the sprinklers deployed and flooded the visitation room with

approximately two inches of water.  (*Id.*)  I conclude the Complaint fails to state a claim upon which relief may be granted for several reasons.

First, there is no vicarious liability in § 1983 actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").  This means that, to proceed with a § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal,* 556 U.S. at 676.  Plaintiff has not explained how Sheriff Gober and Jail Administrator Potts personally participated in the alleged violation of his constitutional rights.

Second, because the "Constitution does not mandate comfortable prisons," only "extreme deprivations" that deny "the minimal civilized measure of life's necessities" are actionable. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  This means that, to plead a plausible constitutional claim, a prisoner must provide facts suggesting: (1) objectively, the conditions constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to that risk of harm.  *See Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006).  As to the first prong, nothing in the Complaint suggests the conditions Plaintiff endured for two days constituted a substantial risk of harm to his health or safety.[1]  *See Tokar v. Armontrout,* 97 F.3d 1078, 1082 (8th Cir. 1996) (unsanitary conditions of confinement may "be

---

[1] For instance, Plaintiff has not explained whether he was provided drinking water with his meals, whether he was periodically allowed out of the visitation room for bathroom breaks, or whether there were chairs or other furniture in the visitation room that he could have used to escape the water on the floor.

tolerable for a few days and intolerably cruel for weeks or months"); *Goldman v. Forbus*, No. 00-2462, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation). And, as to the second prong, there are no facts suggesting Defendants Gober and Potts, were aware of, but deliberately disregarded, the conditions Plaintiff allegedly endured in the visitation room. *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (deliberate indifference, which is a higher standard than mere negligence, is defined as a "reckless disregard of the known risk").

Finally, a prisoner seeking relief under § 1983 must satisfy basic constitutional standing requirements. *Johnson v. State of Mo.,* 142 F.3d 1087, 1088 (8th Cir. 1998); *Smith v. Ark. Dep't. of Corr.,* 103 F.3d 637, 643 (8th Cir. 1996). To establish standing, a prisoner must demonstrate he personally suffered an injury-in-fact that is fairly traceable to the defendant's conduct. *Roubideaux v. N.D. Dep't of Corr. & Rehab*., 570 F.3d 966, 972 (8th Cir. 2009); *Johnson,* 142 F.3d at 1088. Plaintiff does not contend he was injured by being confined in the visitation room for two days.

Importantly, I have previously explained these pleading deficiencies to Plaintiff, given him the opportunity to amend his Complaint to cure them, and cautioned him I would recommend dismissal if he failed to do so. (Doc. No. 3.) Plaintiff's time to amend his Complaint has expired.

IV.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal be counted as a "strike," under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 14th day of November 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE